## POINDEXTER v. SERVICE CAB CO. et al.
### (Williams, Intervener).*
### No. 5028.

Court of Appeal of Louisiana.
Second Circuit.

May 2, 1935.

Hugh M. Wilkinson and A. Miles Coe, both of New Orleans, and Chas. L. Mayer, of Shreveport, for appellants.

Stephens & Gahagan, of Natchitoches, and Harry V. Booth, of Shreveport, for plaintiff appellee.

Mabry & Carstarphen, of Shreveport, for intervener appellee.

MILLS, Judge.

On July 2, 1933, at about 12:30 p. m., Jennie Poindexter, a negro woman, stopped on the southeast corner of Davis street and Louisiana avenue in the city of Shreveport, intending to cross to the west side of Louisiana avenue, a distance of 40 feet. She waited for an automobile going north on Louisiana to pass, and then stepped out into

*Rehearing denied June 4, 1935.

and proceeded across Louisiana, at the intersection, walking at an ordinary gait. She had progressed beyond the west rail of the single street car track in the center of the street when she was struck by a taxicab, going south on Louisiana, and driven by an employee of the Service Cab Company engaged in its business, receiving injuries from which she died two days later.

▰ Without reviewing the testimony at length, we are satisfied, as was the district judge, that the proximate cause of the accident was the speed of the car, which was greatly in excess of the traffic laws of the city and of ordinary safety, considering the situation. We are satisfied, also, that the driver was not keeping a proper lookout. A passenger in his car, testifying for defendant, says he saw the woman leave the curb and start across the street. The driver was in a better position to see and under the duty to do so. The car going north having passed on, there was nothing to obstruct his view. Had he been looking and driving his car at a lawful speed, he could have easily avoided the accident, as the woman was struck by the right front of the car and knocked over close to the west curb. Duffy v. Hickey, 151 La. 274, 91 So. 733.

▰▰ We are not impressed with the plea of contributory negligence. Though the victim is silenced by death, we can reconstruct the occurrence and infer from it that she saw the car coming without realizing its speed. It is well settled that a pedestrian at a regular pedestrian crossing can presume that the driver of an approaching car is not violating the law by traveling at a speed in excess of its allowance. In any event, the pedestrian had the right of way, and, had the driver been exercising the care required of him at this intersection, the accident would have been avoided. Rule 11, subd. (c) § 3, Act No. 21 of 1932.

The difficult question in this case is that of amount and not that of liability.

The suit is brought by the woman's husband against the Service Cab Company and its insurer, the Owner's Automobile Insurance Company of New Orleans, demanding $2,500 for the pain and suffering of deceased, $5,000 for loss of companionship and mental anguish, and $250 for medical attention and funeral expenses.

A. B. Williams, father of deceased, intervenes and asks judgment in his favor upon a written assignment from the husband of all his right, title, and interest in any claim he might have against the cab company or its insurer. He prays for $3,000 for his own loss and mental anguish, and $350 for medical and funeral expenses paid by him.

In the lower court there was judgment in favor of the husband for $489.75 and in favor of intervener and against the plaintiff for $339.75. The judgment, in effect, allows plaintiff $150 and $339.75 as medical and funeral expenses, but gives judgment for the latter amount in favor of intervener and against plaintiff.

From this judgment defendant cab company and its insurer have appealed, and the husband has answered the appeal, asking that the judgment in his favor be increased from $150 to $1,000. As neither the intervener nor plaintiff complains of the judgment in favor of intervener, which is against plaintiff and not defendant, that part of the award is not before us for review.

▰ Eli Poindexter married the deceased, Jennie Williams, on October 10, 1924. They separated after living together about a year. Their only child was born dead. For the six years immediately preceding the trial, and at the time of it, he had been and was living in open adultery with a woman at Campti, by whom he had two children. He admits that since the separation he had contributed nothing to the support of his lawful wife. Under these circumstances, we take no stock in his protestation of love for deceased or his alleged hope of a reconciliation. He is entitled to recover strictly nominal damages for himself and for the pain and suffering of deceased. Article 2315 of the Civil Code, as amended by Act No. 159 of 1918.

▰ Plaintiff has filed two briefs, in one of which he prays that the judgment in favor of plaintiff be increased from $150 to $500; in the other, that it be raised to $2,000. The answer to the appeal only asks an increase to $1,000.

In the case of Russell v. Taglialavore, 153 So. 44, this court allowed the husband $500 as nominal damages for the death of the wife where the parties were separated. In that case the parties had been previously separated and reconciled. The husband had not contracted an adulterous alliance. There was some hope of another reconciliation. The facts are not similar. We think that $150 is ample in this case for the husband's grief and loss.

▰ Plaintiff is legally entitled to recover further for the pain and suffering of the wife. She was very severely injured. She never

42

completely regained consciousness. Her hospital chart shows that she intermittently slept and tossed in restless delirium. She was kept under the influence of opiates. She was injured about noon of July 2d, and died on the morning of July 5th, somewhat less than three days after the injury. Dr. Herold says that she moaned and suffered pain throughout that period, depending on the degree of consciousness. Considering the circumstances in this case, we feel that only a minimum allowance should be made for pain and suffering. We see no reason to reward a recreant husband for the pain and suffering of a deserted wife beyond the strictly legal requirement. We think the increase of $350 suggested in the first brief meets that requirement.

Plaintiff, in his petition, claims only $250 for medical and funeral expenses. Intervener claims $350. The judgment for $339.75 does not include the items complained of in defendant's brief. The amount was proved up without objection.

The judgment appealed from is amended by increasing same from $489.75 to $839.75, with 5 per cent. per annum interest thereon from date of judicial demand January 2, 1934, and, as amended, is affirmed; defendants to pay the costs of both courts.